{¶ 25} I respectfully dissent from the majority's resolution of Appellant's assignment of error as I feel the trial court abused its discretion in determining that Appellant was not entitled to a new trial.
 {¶ 26} The parties do not dispute that Appellant suffered an injury as a result of Appellee's negligence. The parties stipulated that Appellee was negligent and that her negligence was the proximate cause of "some injury" to Appellant. The central dispute surrounds Appellant's shoulder injury. Appellant, however, complained of injuries to his neck and back in addition to his shoulder. A few hours after the accident, Appellant sought medical treatment for his pain at the emergency room where he received two injections. Appellant was advised to follow-up with his physician. The cost of Appellant's emergency room visit was $191.
 {¶ 27} In his closing argument, Appellee's counsel conceded that Appellant suffered neck and back pain on the day of the accident. He noted that this pain subsided within about a week. Regardless of the length of time that Appellant experienced this pain, there is no dispute that he indeed suffered pain as a result of the accident.
 {¶ 28} The jury's verdict reflects an obvious disconnect as the parties stipulated that Appellee caused Appellant "some injury" yet the jury awarded Appellant no damages to compensate for any injury. Appellant sought treatment within a few hours of the accident because he experienced some degree of pain. Even if the jury did not believe Appellant suffered the extent of damages he claimed to have suffered, it cannot ignore the evidence regarding Appellant's other injuries and the parties' stipulation that Appellee caused "some injury" to Appellant.
 {¶ 29} The majority analogizes this case to the Fifth District Court of Appeals' decision in Seymour and the Tenth District Court of Appeals' decision in Baker. Both cases are distinguishable from the within matter. In Seymour, the plaintiff recovered medical expenses but was awarded no damages for pain and suffering. Seymour, supra, at ¶ 35. In contrast to this case, the parties in Baker did not stipulate that the plaintiff suffered an injury as a result of the defendant's negligence.Baker, supra.
 {¶ 30} Given the evidence and the parties' stipulation that Appellant sustained "some injury" from the accident, I would find that Appellant is entitled to at least the cost of his emergency room visit. This expense was reasonable and necessary in light of Appellant's back, neck and shoulder pain despite the low impact of the collision. SeeToledo Rys. Light Co. v. Mason (1910), 81 Ohio St. 463, at paragraph one of syllabus (a new trial may be granted on the basis of inadequate damages where it appears that the jury omitted some of the elements of damage properly involved in the plaintiff's case). The fact that the physical examination disclosed no objective indicia of injury does not preclude Appellant's recovery for the emergency room visit as this is not unusual in a case involving a soft tissue injury. Lustigman, A New Look at Thermography's Place in the Courtroom: A reconciliation of the Conflicting Evidentiary Rules (1990), 40 Am. U. L. Rev. 419, 445 ("Normally, most soft-tissue injuries cannot be objectively determined by traditional diagnostic means"). Neither is it fatal to Appellant's claim that the back and neck pain subsided within a few days of the accident. For these reasons, I cannot agree with the majority's finding that the trial court did not abuse its discretion in denying Appellant's motion for a new trial.